```
              IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

UNITED STATES OF AMERICA

v.                                CRIMINAL ACTION NO. 1:18-00093-02

SARAH K. BAILEY

### MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's letter form "Emergency Motion Requesting Immediate Release Pursuant to the 5th and 8th Amendments to the United States Constitution and Based on the COVID-19 Pandemic." See ECF No. 83. Because defendant's motion was filed in the sentencing court, the court has construed it as one for compassionate release. For the reasons expressed below, defendant's motion is **DENIED**.

I.

On May 1, 2018, a federal grand jury returned a seven-count indictment against defendant and her codefendant, Michael Justin Bailey. Defendant was charged as follows:

> Count One-   conspiracy to commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951;
>
> Count Two-   Hobbs Act Robbery on October 26, 2017, in violation of 18 U.S.C. § 1951;
>
> Count Three- Hobbs Act Robbery on November 5, 2017, in violation of 18 U.S.C. § 1951;
>
> Count Four-  brandishing a firearm during and in relation to a crime of violence (expressly identified as Hobbs Act Robbery on November 5, 2017), in

|  |  |
|---|---|
|  | violation of 18 U.S.C. § 924(c)(1)(A)(ii); |
| Count Six- | unlawful user of controlled substances in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2); and |
| Count Seven- | possessing a stolen firearm on November 5, 2017, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). |

Defendant was alleged to have conspired to rob, robbed, and brandished firearms while robbing two video poker parlors located within the Southern District of West Virginia.  On December 17, 2018, defendant pled guilty to Counts One and Four of the indictment.  On April 9, 2019, Bailey was sentenced to a term of imprisonment of 192 months to be followed by a term of supervised release of five years.  She is currently housed at FCI Hazelton and, according to the Bureau of Prisons' website, her current projected release date is June 24, 2031.

## II.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment previously imposed if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is with applicable policy statements issued by the Sentencing Commission[.]"  See also United States v. McCoy, 981 F.3d 271, 280 (4th Cir. 2020).

The First Step Act empowers criminal defendants to ask courts to grant them compassionate release pursuant to 18 U.S.C § 3582(c).  But before they make such requests to the court, defendants must first ask BOP via the administrative process and give BOP thirty days to respond.  See id. § 3582(c)(1)(A).  Upon such a motion from BOP or from a defendant (after either BOP denies the request or thirty days has elapsed since the request was filed), a court "may reduce the term of imprisonment."  Id. § 3582(c)(1)(A)(i).  Here, it is not clear that defendant has exhausted her remedies.

To warrant compassionate release, defendant must show that: (1) extraordinary and compelling reasons warrant a sentence reduction; and (2) the reduction satisfies the sentencing factors in 18 U.S.C. § 3553(a).  It is worth emphasizing that compassionate release is "an extraordinary and rare event." United States v. Mangarella, 3:06-cr-151-FDW-DCK-3, 2020 WL 1291835, *2-3 (W.D.N.C. Mar. 16, 2020).  "Simply put, the coronavirus is not tantamount to a 'get out of jail free' card." United States v. Williams, PWG13-544, 2020 WL 1434130, at *3 (D. Md. Mar. 24, 2020).

### A.     Extraordinary and Compelling Reasons

The United States Court of Appeals for the Fourth Circuit has recognized that "arguments for release from prison based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical condition increases that individual's risk of experiencing a serious, or even fatal, case of COVID-19." United States v. High, 997 F.3d 181, 185 (4th Cir. 2021).  Courts, in considering whether extraordinary and compelling reasons for a sentence reduction exist in light of COVID-19, have considered the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility.  See United States v. Brady, S2 18 Cr. 316 (PAC), 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (citing and gathering cases).  Thus, compassionate release motions amid the COVID-19 pandemic require a "fact-intensive" inquiry.  See United States v. Shakur, No. 82 CR 312 (CSH), 2020 WL 1911224, at *1 (S.D.N.Y. Apr. 20, 2020).

Defendant's general fear of COVID-19, standing alone, does not entitle her to release.  In this case, defendant does not point to any preexisting medical conditions that place her at a

4

high risk of severe illness should she contract COVID-19. Indeed, Bailey states that she has "since tested positive". She has, therefore, already contracted the disease and recovered. At this juncture, she has not shown extraordinary and compelling reasons for release based on the pandemic. "[A] generalized assertion of the existence of the pandemic alone cannot independently justify compassionate release." United States v. Remy, CRIMINAL ACTION NO. 2:18-cr-00201, 2020 WL 3874165, at *2 (S.D.W. Va. Jul. 9, 2020) (Goodwin, J.); see also United States v. Thompson, 984 F.3d 431, 435 (5th Cir. 2021) ("Fear of COVID doesn't automatically entitle a prisoner to release."); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release"); United States v. Day, 474 F. Supp. 3d 790, 805 (E.D. Va. 2020) ("[W]hile the global health crisis is no doubt extraordinary, it affects all prisoners; and the risk of being infected by COVID-19, standing alone, fails to justify an inmate's compassionate release."); United States v. Chandler, No. 3:15mj122 (DJN), 2020 WL 6139945, at *5 (E.D. Va. Oct. 19, 2020) ("Indeed, a general fear of contracting COVID-19, without a

5

sufficient basis for that fear, does not provide an extraordinary and compelling reason for a defendant's release.").

### III.

Having considered the entire record in this matter, the court concludes that Bailey has not presented extraordinary and compelling reasons that would justify her release. Therefore, the court **DENIES** defendant's motion to the extent it asks for compassionate release. Insofar as Bailey wishes to raise a claim that prison officials violated her constitutional rights under the Fifth and Eighth Amendments, she may wish to file a lawsuit brought pursuant to Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). However, "[a] civil rights action under Bivens will not result in Defendant's immediate release, but rather is a private action for damages against federal officials alleged to have violated a citizen's constitutional rights." United States v. Hartley, 5:13-CR-00046-KDB-DSC-1, 2020 WL 5550394, at *1 (W.D.N.C. Sept. 16, 2020). If she seeks immediate release, she may file a petition under 28 U.S.C. § 2241 in the district in which she is incarcerated. See United States v. Ayash, CRIMINAL ACTION No. 2:16-cr-00034, 2021 WL 3204748, at *2 n.3 (S.D.W. Va. July 28, 2021) ("The standards and analyses applicable to claims for violations of the Fifth and

6

Eighth Amendments do not apply to a compassionate-release motion, and, . . . to the extent he does seek to raise a challenge to the conditions of his confinement, he must file, depending on the nature of the relief sought, either a <u>Bivens</u> action or a 28 U.S.C. § 2241 petition in the district in which he is incarcerated. . . .").

The Clerk is directed to send a copy of this Order to defendant, counsel of record, any unrepresented parties, and the Probation Office of this court.

    It is SO ORDERED this 6th day of May, 2022.

        ENTER:

*[signature: David A. Faber]*

        David A. Faber
        Senior United States District Judge