```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

**UNITED STATES OF AMERICA**

**v.**                              CRIMINAL NO. 1:18-00093-02

**SARAH K. BAILEY**


## MEMORANDUM OPINION AND ORDER

On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective.  Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points.  Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect.  Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG

§1B1.10, effective November 1, 2023).  Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later.

Pursuant to the Standing Order, the court, in consultation with the United States Probation Office, designated this defendant for Expedited consideration.  By Order entered January 26, 2024, the United States Attorney's Office was directed to file any objection to a sentence reduction for this defendant.  The United States filed its response agreeing with the Probation Office that defendant appeared eligible for a sentence reduction within the amended guideline range of 78 to 97 months on Count One and stated that it did not intend to file an objection to a sentence reduction.  See ECF No. 118.

At her original sentencing, defendant's sentence was based on a Total Offense Level of 28 and a Criminal History Category of II, with the defendant having a total of 3 criminal history points, for an advisory guideline range of 87 to 108 months.  As outlined in Paragraphs 74 to 76 of the presentence report, the defendant had a subtotal of 1 criminal history point plus 2 points for "status" pursuant to U.S.S.G. § 4A1.1(d), for a total of 3 criminal history points.  Defendant was sentenced to a

2

total term of imprisonment of 192 months, consisting of 108 months on Count One and 84 months on Count Four to run consecutively, a five-year term of supervised release, restitution in the amount of $10,472.19, and a $200 special assessment.

Following the retroactive amendment to the Guidelines, defendant would not receive status points and, therefore, she would have a total of 1 criminal history point, which would lower her Criminal History Category from II to I. Based on a Total Offense Level of 28 and Criminal History Category of I, the defendant's amended advisory guideline range would be 78 to 97 months.

Based on the foregoing, the defendant is eligible for relief pursuant to Amendment 821. Pursuant to U.S.S.G. § 1B1.10(b)(2)(A), the court cannot reduce a defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range, i.e., 78 months. Notwithstanding a defendant's eligibility for relief, the court still retains the discretion to determine whether a sentence should be reduced and the extent of any reduction after considering the factors under 18 U.S.C. § 3553(a).

The court has carefully considered whether a reduction is appropriate under the facts of this case. The court has received and considered the entire record in this case, including the original Presentence Investigation Report (PSI) and addendum thereto, original sentencing documents, and any materials submitted by the parties. The court has considered the applicable factors under 18 U.S.C. § 3353(a), consistent with 18 U.S.C. § 3582(c)(2), and public safety.

Based on the foregoing considerations, the court **ORDERS** that defendant's Criminal History Category be reduced from Category II to Category I, for a new advisory guideline range of 78 months to 97 months on Count One. It is further **ORDERED** that defendant's previous sentence on Count One be reduced to 97 months to run consecutive to the 84-month term of imprisonment imposed on Count Four, for a total term of imprisonment of 181 months. This Order is subject to the prohibition contained within U.S.S.G. §1B1.10(b)(2)(C). Except as otherwise provided, all provisions of the judgment entered April 9, 2019, shall remain in effect.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to defendant, counsel of record, the United States Attorney, the Federal Public Defender, the United States

Marshal for the Southern District of West Virginia, and the United States Probation Office.

**IT IS SO ORDERED** this 28th day of August, 2025.

                    ENTER:

                    *David A. Faber* (signature)
                    David A. Faber
                    Senior United States District Judge